**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| POPPLE CONSTRUCTION, INC., | : | |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION |
| KIEWIT POWER CONSTRUCTORS CO., | : | NO. |
| Defendant | : | |

## COMPLAINT

The Plaintiff, Popple Construction, Inc., by and through its attorney, Raymond P. Wendolowski, Esquire, hereby complains of the Defendant, Kiewit Power Constructors Co., as follows:

1.      Plaintiff, Popple Construction, Inc. ("Popple"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 215 East Saylor Avenue, Laflin, Luzerne County, Pennsylvania.

2.      Upon information and belief, the Defendant, Kiewit Power Constructors Co. ("Kiewit"), is a Delaware corporation with its principal offices located at 9401 Renner Boulevard, Lenexa, KS, 66219.

3.      On or about March 18, 2016, Popple and Kiewit entered into a written subcontract whereby Popple was to perform certain excavation and site work incident to the construction of the Lackawanna Combined Cycle Project ("Project") at 1000 Sunnyside Road, Borough of Jessup, Lackawanna County, Pennsylvania, at the original price of $9,114,329.00, subject to additions and

deductions as provided in the subcontract.  A true and correct copy of the subcontract dated March 18, 2016, is attached hereto and marked as Exhibit "A" and incorporated by reference herein.

4.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

5.      Venue of this action is proper in the Middle District of Pennsylvania as all events giving rise to Plaintiff's causes of action took place in the Middle District of Pennsylvania.

6.      Under the Pennsylvania Contractor/Subcontractor Payment Act, Section 514, 73 P.S. §514, any construction contract which purports to make the contract subject to the laws of another state or purports to require that any litigation, arbitration, or dispute resolution process in the contract occur in another state is unenforceable.

7.      Accordingly, the provisions of Section 19 of the Popple/Kiewit subcontract purporting to make this dispute subject to the laws of the State of New York and purporting to require litigation in the United States District Court for the Northern District of Illinois are unenforceable as a matter of law and therefore both venue and jurisdiction are proper in this Honorable Court.

## COUNT I

### Popple Construction, Inc. vs. Kiewit Power Constructors Co.

### BREACH OF CONTRACT

8.      The Plaintiff incorporates herein the allegations contained in paragraphs 1 through 7 above, inclusive.

9.      The Plaintiff, Popple, has fully and faithfully completed all of its work under the subcontract, including change order work as directed by the Defendant Kiewit.

10.     Despite Popple's faithful performance of all subcontract and change order work, the Defendant Kiewit has failed to timely and fully compensate Popple for its work performed under the subcontract.

11.     As of Popple's final billing to Kiewit, there remains due and owing to Popple from Kiewit a sum in excess of $75,000.00, plus interest.

12.     Despite repeated demand by Popple, Kiewit has failed to compensate Popple for this balance rightfully due and owing under the subcontract.

13.     Kiewit's failure to pay Popple the balance due and owing under the subcontract is a breach of that subcontract agreement.

14.     Kiewit actively interfered with the scheduling, progress and performance of Popple's work on the project causing Popple to incur losses of time and productivity and further causing Popple to incur additional costs and expenses in an amount not yet liquidated.

WHEREFORE, the Plaintiff, Popple Construction, Inc., hereby demands judgment in its favor and against the Defendant, Kiewit Power Constructors Co., in an amount in excess of $75,000.00, plus interest, costs and attorney's fees.

## COUNT II

### Popple Construction, Inc. vs. Kiewit Power Constructors Co.

### QUANTUM MERUIT

15.     The Plaintiff incorporates herein the allegations contained in paragraphs 1 through 14 above, inclusive.

16.     Kiewit received and accepted the aforesaid work performed and material supplied by Popple in connection with its work under the subcontract knowing that Popple expected to be paid for said work and materials.

3

17.     Although demand has been made, Kiewit has failed to make payment of the balance due and owing for the work and material supplied and accepted.

18.     By virtue of the foregoing, Kiewit is obligated on a contract implied in law and in fact for the reasonable value of the work, labor and material supplied to and accepted by Kiewit an the amount in excess of $75,000.00, plus interest.

WHEREFORE, the Plaintiff, Popple Construction, Inc., hereby demands judgment in its favor and against the Defendant, Kiewit Power Constructors Co., in an amount in excess of $75,000.00, plus interest, costs and attorney's fees.

## COUNT III

### Popple Construction, Inc. vs. Kiewit Power Constructors Co.

### BREACH OF THE PENNSYLVANIA CONTRACTOR PAYMENT ACT

19.     The Plaintiff incorporates herein the allegations contained in paragraphs 1 through 18 above, inclusive.

20.     During the course of the project, Popple submitted payment requests to Kiewit for completion of base subcontract work, change orders and retainage.

21.     Kiewit has failed to remit payment to Popple in a timely manner in accordance with the Pennsylvania Contractor and Subcontractor Payment Act.

22.     For those payments withheld, Kiewit did not timely notify Popple, in writing, of any legitimate deficiency in the base subcontract work or change order work for which Popple had requested payment.

23.     Pursuant to the Pennsylvania Contractor and Subcontractor Payment Act, Popple is entitled to interest at the rate of one percent (1%) per month on the amounts that Kiewit has failed to remit in a timely manner.

24.     For Kiewit's failure to comply with the terms of the Pennsylvania Contractor and Subcontractor Payment Act, Popple is entitled to a penalty equal to one percent (1%) per month of the amounts wrongfully withheld by Kiewit together with reasonable attorney's fees and expenses incurred as determined by the Court.

WHEREFORE, Plaintiff, Popple Construction, Inc., hereby demands judgment in its favor and against the Defendant, Kiewit Power Constructors Co., in an amount equal to the unpaid subcontract balance, interest owed on untimely payments, penalties and attorney's fees and expenses.

Respectfully submitted,

LAW OFFICE OF RAYMOND P. WENDOLOWSKI

BY: _____

RAYMOND P. WENDOLOWSKI, ESQUIRE
Counsel for Plaintiff, Popple Construction, Inc.
Atty. I.D. No. 40935
P.O. Box 1313
Wilkes-Barre, PA  18703-1313
(570) 270.9180